JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Antoine Howard ("defendant") appeals the consecutive sentences imposed by the Cuyahoga County Common Pleas Court upon his multiple convictions for kidnaping and rape. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record reveals the following: On December 22, 1999, the Cuyahoga County Grand Jury indicted defendant on two counts of kidnapping, in violation of R.C. 2905.01; two counts of attempted rape, in violation of R.C. 2923.02 and 2907.02; three counts of rape, in violation of R.C. 2907.02; and one count of aggravated robbery, in violation of R.C. 2911.01. Several of these charges contained multiple specifications for firearms and sexually related conduct.
 {¶ 3} On June 22, 2000, defendant pleaded guilty to two counts of kidnapping and one count of rape, with one firearm specification. On July 20, 2000, the trial court sentenced defendant to consecutive eight-year terms of imprisonment for each of the three offenses, along with a mandatory three-year sentence for the firearm specification, for a total of 27 years in prison.
 {¶ 4} On appeal, this Court vacated defendant's sentence and remanded for resentencing as to the consecutive sentences. See State v. Howard,
Cuyahoga App. No. 82995, 2004-Ohio-513.
 {¶ 5} On April 27, 2004, the trial court held a second sentencing hearing and reimposed the sentence it had previously ordered. Defendant timely appealed and assigns one error for our review.
 {¶ 6} "I. The trial court erred by sentencing the appellant to consecutive sentences."
 {¶ 7} In this assignment of error, defendant claims that the trial court did not comply with R.C. 2929.14(E) when it re-imposed consecutive sentences. Specifically, defendant argues that the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of his conduct.
 {¶ 8} R.C. 2929.14 authorizes the imposition of consecutive sentences only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 9} R.C. 2929.10(B)(2) requires the trial court to state its findings, and its reasons for those findings, on the record when imposing consecutive prison terms for multiple convictions. See, also, State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 10} Here, at the resentencing hearing, unlike the original sentencing hearing, the trial judge stated her reasons for imposing consecutive sentences. Specifically, the trial judge stated the following:
 {¶ 11} "The Court notes you were on bond at the time of the offense, that the psychological harm caused to the victims was extensive and great, that your criminal history includes numerous juvenile convictions including such things, as I said, RSP, theft, and drugs and that because of your criminal history and the nature of the offense here, the violence here, the weapon, the fact that you were under a form of bond that consecutive sentences are necessary to fulfill the legislative purpose of 2929.11 and consecutive sentences are not disproportionate to the seriousness of your conduct and the danger to the public. Therefore, consecutive sentences are necessary to fulfill the legislative purposes in Ohio Revised Code Section 2929.11, again, for the reiteration, based upon the violence, the gun, the nature of the crime, the violence to the victim, the longstanding serious and psychological harm to the victims and your prior criminal record."
 {¶ 12} We find that the trial judge properly followed the requirements of the statute by elaborating on the findings and reasons she chose to impose consecutive sentences. Our review of the record supports these findings and reasons articulated by the trial court during the resentencing and supports consecutive sentences under R.C. 2929.14(E). Accordingly, the trial court did not err in reimposing consecutive sentences.
 {¶ 13} Defendant's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., Concur.